**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SAMANTHA L. STOUT, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) Civ. Action No. 12-1245 (EGS) |
| JANET NAPOLITANO, in her | ) |
| Official capacity as | ) |
| Secretary of the U.S. Dep't. | ) |
| Of Homeland Security | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Plaintiff Samantha Stout brings this action seeking damages, reinstatement, and injunctive relief for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") based on her gender. She raises claims of disparate treatment, hostile work environment, and retaliation for protected activity. Defendant Janet Napolitano, in her official capacity as Secretary of the Department of Homeland Security, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff failed to exhaust her administrative remedies and fails to state a claim upon which relief can be granted. Defendant also moves to dismiss, or in the alternative, transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) for

1

Plaintiff's failure to lay venue according to the special venue provision for Title VII actions, 42 U.S. C. § 2000e-5(f)(3). Upon consideration of the motion, the entire record, the applicable law, for the reasons stated below, and in the interest of justice, the Court will **TRANSFER** the case to the United States District Court for the Eastern District of Pennsylvania.

**II.  BACKGROUND**

Ms. Stout is a white female who was employed by the Federal Air Marshall Service ("FAMS") of the U.S. Department of Homeland Security, Transportation Security Administration ("TSA")from December 19, 2010 to June 3, 2011.  Am. Compl. ¶¶ 5, 12.  She is 4 feet 11 inches tall and weighs approximately 100 pounds.  Plaintiff's employment with the Federal Air Marshall Service was conditional – she was required to complete Phase I and Phase II training programs in order to secure full time employment.  *Id.* ¶ 13.  Ms. Stout participated in and successfully completed Phase I of the required training in Artesia, New Mexico from January 5 to March 2, 2011.  As part of the Phase I training, she also completed firearms training and exceeded the minimum standard for firearms qualification.  *Id.* ¶¶ 15-16.  Following her successful completion of Phase I training, Plaintiff entered Phase II training at the William J. Hughes Technical Center in Atlantic City, New Jersey.  *Id.* ¶ 17.  There, Plaintiff was

trained by David K., a Federal Air Marshal Instructor, and Rolf W., a Senior Federal Air Marshal Instructor. *Id.* ¶¶ 7-8.[1]

Ms. Stout alleges that she was subject to discrimination from the outset of the Phase II training. She alleges that her instructors "engaged in [a] systematic, concerted, and repeated effort to bring about [her] failure in Phase II training because of her sex and diminutive stature." *Id.* ¶ 18. According to Ms. Stout, her instructors subjected her to a variety of demeaning and abusive behavior, including: ridiculing her on the basis of her sex and size; refusing to provide assistance in hanging her target for shooting practice and refusing to allow others to help her; directing the other students in the training to watch her attempt to hang the target unsuccessfully; kneeling on their knees to speak with her and bending down to shout in her face; refusing to allow her to use a magazine loading device or letting her demonstrate her proficiency during a night shoot; reducing the quality of her training; creating and maintaining a hostile training environment; and enforcing standards more harshly against her. *Id.* ¶ 19. Ms. Stout alleges that this purported treatment "reflected a belief by the defendant that the plaintiff could not be an effective federal air marshal because she was not a strong tall man" and was "more than isolated, accidental or sporadic." *Id.* ¶¶ 20-22.

---

[1] These names have been redacted in the Amended Complaint.

Ms. Stout was removed from Phase II training on March 31, 2011 after she failed to pass the firearms certification. *Id.* ¶ 23. She was sent to the Philadelphia Field Office of the Federal Air Marshal Service and was eventually terminated on June 3, 2011 for failure to meet a condition of her employment. *Id.* ¶¶ 23-24. Plaintiff alleges that if she had not been subjected to the purportedly discriminatory behavior by her instructors, she "would have received a passing score on firearms training and would not have been terminated." *Id.* ¶ 25.

Plaintiff initiated EEO contact on or about April 1, 2011. *Id.* ¶ 45. She was notified of the conclusion of EEO counseling on June 16, 2011 and filed a formal complaint on June 28, 2011. *Id.*, Ex. A, Final Agency Decision at 1-2. In her complaint, Plaintiff alleged that she was discriminated against on the basis of sex and physical or mental disability, and also on the basis of retaliation and reprisal. Def.'s Mot. to Dismiss, Ex. 1, EEO Complaint, at 2. Plaintiff received a final decision from the agency on May 2, 2012; she filed her Complaint this action on July 27, 2012 and filed an Amended Complaint on May 16, 2013. Defendants have filed a motion to dismiss Plaintiff's Amended Complaint, which is now ripe for determination by this Court.

**III. STANDARD OF REVIEW**

Defendants seek to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3) on the grounds that venue does not lie in the District of Columbia. While the Court must accept plaintiff's well-pled factual allegations as true, *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing *Darby v. United States DOE*, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002)), it is not required as a matter of law to accept as true plaintiff's legal conclusions regarding venue, *Darby*, 231 F. Supp. 2d at 277. To prevail on a motion to dismiss for improper venue, a defendant must present facts to defeat plaintiff's venue assertions. *Darby*, 231 F. Supp. 2d at 276. "If the district in which the action is brought does not meet the requirements of Title VII's venue provision, then that district court may either dismiss, 'or if it be in the interests of justice, transfer such a case to any district or division in which it could have been brought.'" *Pendleton*, 552 F. Supp. 2d at 17. "Generally, the 'interest of justice' directive allows courts to transfer cases to the appropriate judicial district rather than dismiss them." *Ifill v. Potter*, No. 05-2320, 2006 U.S. Dist. LEXIS 83833, at *3 (D.D.C. Nov. 17, 2006); *see also James v. Booz-Allen Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

**IV. DISCUSSION**

The general venue statute, 28 U.S.C. § 1391(b), does not apply in Title VII actions. Instead, Title VII of the Civil Rights Act contains a specific venue provision that "controls any other venue provision governing actions in federal court." *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983). In a Title VII action, venue is proper

> (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought (4) within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). According to the Secretary, the District of Columbia is an improper venue for this action under any of Title VII's four venue categories. Def.'s Mot. to Dismiss at 16-17. Defendant argues that the matter should be dismissed entirely for improper venue, or in the alternative, be transferred to the District of New Jersey, which the Secretary contends is the proper venue for this action. *Id.* In her

Amended Complaint, Plaintiff argues that venue is proper in the District of Columbia pursuant to Title VII's venue provision "in that the unlawful employment practice alleged to have been committed occurred in the District of Columbia and/or the employment records of the plaintiff relevant to such practice are maintained or administered in the District of Columbia." Am. Compl. ¶ 3.

The District of Columbia is not the location of the alleged discrimination, hostile work environment, or retaliation. *See* Am. Compl. ¶¶ 5-11, 23-25; Def.'s Mot. to Dismiss at 16. Plaintiff's training occurred at the William J. Hughes Technical Center in Atlantic City, New Jersey. Am. Compl. ¶ 17; Def.'s Mot. to Dismiss at 16. After failing to receive a passing score on the required firearms certification, Ms. Stout was terminated at the Philadelphia Field Office. Am. Compl. ¶¶ 24-25. Ms. Stout would have been assigned to the Philadelphia Field Office if she had passed the Phase II training. Def.'s Mot. to Dismiss, Decl. of Joseph J. D'Angelillio ("D'Angelillio Decl.") ¶ 11. Plaintiff's records are maintained at the Atlantic City training center. *Id.* ¶ 10. The headquarters of the TSA are in Pentagon City, Virginia and the headquarters of the FAMS are located in Reston, Virginia. *Id.* ¶¶ 14-15.

Plaintiff does not directly refute the Secretary's contentions regarding venue. Instead, Ms. Stout argues that it

was difficult to ascertain the proper venue for her action when she filed suit because venue could properly lie in a number of judicial districts. Pl.'s Opp. at 16. Because the Secretary for Homeland Security is located in the District of Columbia, she believed her records were located here. *Id.* She concedes that the TSA and FAMS are located in Virginia, but argues that because they are "within minutes of the District of Columbia," this Court should retain jurisdiction. *Id.* at 17. In the alternative, Plaintiff argues that the Court should transfer this case to the Eastern District of Pennsylvania instead of dismissing it. *Id.*

Even though the Department of Homeland Security is headquartered in this district, Title VII's fourth basis for venue is residual, and is considered "only when the defendant cannot be found within any of the districts provided for in the first three bases." *Kendrick v. Potter*, No. 06-122, 2007 U.S. Dist. LEXIS 50880, at *3 (D.D.C. July 16, 2007). Even if the Court were to apply the fourth basis, venue would not be proper in the District of Columbia because TSA and FAMS, the relevant divisions of the Department of Homeland Security, are both headquartered in Virginia. *See, e.g. Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 136 (D.D.C. 2009) (refusing to consider the fourth prong because though defendant had offices in the District of Columbia, its headquarters were in Virginia).

Under these undisputed facts, venue is not proper in the District of Columbia, but is proper in the District of New Jersey, where some of the alleged misconduct occurred, or the Eastern District of Pennsylvania, where Plaintiff was terminated and where she would have worked but for the allegedly discriminatory conduct. *See Pendleton*, 552 F. Supp. 2d at 17-18 (holding that "[w]hen an alleged discriminatory employment practice is committed in another jurisdiction, the employment records are located in another jurisdiction, and the aggrieved person would have worked in another jurisdiction but for the unlawful employment practice, a plaintiff cannot properly lay venue in the District of Columbia").

When venue is improper, the Court may dismiss the claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer is committed to the sound discretion of the court; however, the interest of justice generally requires transferring a case to the appropriate district in lieu of dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Ebron v. Dep't of the Army*, 766 F. Supp. 2d 54, 58 (D.D.C. 2011) (transferring an employment discrimination claim to the proper venue rather than dismissing it); *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009) (same).

Defendant urges the Court to dismiss this action not only for improper venue, but for Plaintiff's purported failure to state a claim. Def.'s Reply at 9. However, the Court declines to resolve Defendant's 12(b)(6) Motion to Dismiss because the case is not properly before this Court. *See Haley v. Astrue*, 667 F. Supp. 2d 138, 142 n.6 (D.D.C. 2009) (deciding not to reach the merits of defendants' motion to dismiss because venue was improper in the District of Columbia). In this action, venue would be proper in two districts: the District of New Jersey and the Eastern District of Pennsylvania. Because Plaintiff would prefer the Eastern District of Pennsylvania, and Defendant has not argued that that venue would prejudice them in any way, the Court finds that this action should be transferred to Plaintiff's preferred choice.

**V. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss, or in the Alternative, Transfer for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3) and **TRANSFERS** this case to the United States District Court for the Eastern District of Pennsylvania. An appropriate order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:  Emmet G. Sullivan**
**United States District Judge**
**February 24, 2014**